# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN MUNOZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-675-JPG ) |
| CHESTER MENTAL HEALTH CENTER, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court is Plaintiff Martin Munoz's motion to proceed *in forma pauperis* (Doc. 2). Munoz is committed to the Chester Mental Health Center ("CMHC"), and it appears that he is not a "prisoner" as defined in 28 U.S.C. § 1915(h). Therefore, the prisoner provisions of §§ 1915(a)(2), (b)(1) and (b)(2) do not apply. Upon review of his affidavit, the Court concludes that Munoz is unable to pay any portion of the filing fee. Accordingly, his motion to proceed *in forma pauperis* is **GRANTED**.

Munoz also requests that the Court appoint him counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all that Munoz has

attempted to obtain counsel or been effectively precluded from doing so. Therefore, his motion for the appointment of counsel is **DENIED**, without prejudice.

**THE COMPLAINT**

In this action, Munoz alleges that on August 10, 2008, he was physically assaulted by four staff members at CMHC, including Defendants Adam and Matt. He further alleges that Defendant Kelley is aware that staff members assault patients, but that she does nothing to curtail their behavior.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Accordingly, the Court is unable to dismiss this claim against Adam and Matt at this time. *See* 28 U.S.C. § 1915(e)(2). As for Kelley,

> [t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez*, 251 F.3d at 651 (quotation omitted); *see also Wolf-Lillie*, 699 F.2d at 869 ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."). A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted).

> Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")

*Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Construing the complaint liberally, the Court is unable to dismiss the claim against Kelley at this time.

Munoz also names the CMHC as a defendant. However, governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.' " *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.' "(quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

Munoz makes no allegation that Kelley, Adam or Matt acted pursuant to an official custom or policy of CMHC. Thus, he has failed to state a claim against CMHC.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendant **CHESTER MENTAL HEALTH CENTER** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **KELLEY, ADAM** and **MATT** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **THREE (3)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **KELLEY, ADAM** and **MATT**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **KELLEY, ADAM** and **MATT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

4

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: June 2, 2009.**

                                             **s/ J. Phil Gilbert**
                                             **U. S. District Judge**