UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARTIN MUNOZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 08-675-JPG-CJP |
| | ) | |
| ADAM, MATT, and | ) | |
| PATRICIA KELLY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Martin Munoz filed this action under 42 U.S.C. §1983 on September 26, 2008. (Doc. 1). The lawsuit concerns events which allegedly occurred while he was committed to the Chester Mental Health Center. None of the defendants have been served.

The pro se plaintiff was still housed at Chester Mental Health Center at the time he filed suit. However, he is no longer there, and he has not supplied the Court with his current address.

The only address that the Court has ever had for plaintiff was Chester Mental Heath Center. Mail sent to that address by the Court has been returned as undeliverable. See, Docs. 6 & 8.

On June 16, 2009, the Court ordered plaintiff to file a change of address within ten days. He has not done so. Because Chester Mental Health Center indicated that plaintiff may have been moved to the Cook County Jail, the Clerk of Court sent copies of the June 16, 2009, order to both Chester Mental Center and to Cook County Jail.

The Court has had no communication from plaintiff since receipt of a USM-285 form for one defendant on October 14, 2008.

The order on preliminary review states "Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be

1

done in writing and not later than seven (7) days after a transfer or other change in address occurs." Doc. 5., p. 6.

The order of June 16, 2009, states that plaintiff's failure to inform the Court of his current address "will result in sanctions, which may include monetary penalties and the dismissal of this case for failure to prosecute"

Fed.R.Civ.P. 16(f) provides that the Court may sanction a party for failing to obey a pretrial order. Rule 16(f) incorporates the sanctions provisions of Fed.R.Civ.P. 37(d). Further, courts have the inherent authority to dismiss a case sua sponte for want of prosecution. *Williams v. Chicago Board of Education,* 155 F.3d 853, 857 (7th Cir. 1998).

This Court gave Mr. Munoz the "warning shot" required by *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) in Doc. 7. Plaintiff's failure to keep the Court informed of his whereabouts and his failure to take action to effectuate service on the defendants demonstrate that plaintiff has lost interest in this litigation. He has failed to diligently prosecute his case. Plaintiff's case should be dismissed with prejudice. See, *Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993).

For the foregoing reasons, plaintiff's complaint is ordered **DISMISSED with prejudice** as to all defendants.

The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**
**DATED: February 12, 2010.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2